Guillermo Berriochoa LOPEZ; Transportes Intermex S A De C V; S'Antonio Transportes S A De C V; Jose Silvano Magana Lopez; Jose Alfredo Magana Lopez; Miguel Angel De La Rosa Sanchez Servicio Tecnico Automotriz Perisur S A De C V; Tomas De La Rosa Parra; Ernesto Vallet Haces; Max E. Barton; Carlos Berriochoa, Plaintiffs—Appellants,

v.

Norman Y. MINETA, Secretary, Department of Transportation; Mary E. Peters, Administrator of Federal Highway Administration; Joseph M. Clapp, Administrator of the Federal Motor Carrier Safety Administration; Does, 1–100 Inclusive, Defendants—Appellees.

No. 03–40350.
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Feb. 20, 2004.

Kent M. Henderson, Santa Ana, CA, for Plaintiffs–Appellants.

Barbara L. Herwig, August E. Flentje, US Department of Justice, Washington, DC, for Defendants–Appellees.

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM.*

Appellants appeal the dismissal of their civil rights action, asserted against several United States Government officers in their official and individual capacities. The United States and its officers are immune from suit under *Bivens v. Six Unknown Named Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the civil rights statutes, and such actions may be brought only against persons acting in their individual capacities. *See Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir.1999).

The district court held that it did not have personal jurisdiction against the defendants in their individual capacities. Although the appellants alleged that the defendants' actions prevented them from operating in or investing in companies within the State of Texas, those claims clearly pertain to acts taken by them in their official capacities. There are no allegations showing that the defendants, as individuals, had either specific or general minimum contacts within the State of Texas. *See Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.1994). The appellants have not shown that the district court's order was plainly erroneous. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir.2002) (en banc). We do not reach the appellants' arguments regarding the merits of their constitutional claims.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.